ORIGINAL

Approved: _____
           MICHAEL R. HERMAN
           Assistant United States Attorney

19MAG 5575

Before:    THE HONORABLE KATHARINE H. PARKER
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :   **SEALED COMPLAINT**

        - v. -                        :   Violation of
                                          18 U.S.C. §§ 922(g)(1),
GILBERTO MINAYA,                      :   924(a)(2), and 2

                 Defendant.           :   COUNTY OF OFFENSE:
                                          BRONX

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

        JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

        1. On or about April 30, 2019, in the Southern District of New York and elsewhere, GILBERTO MINAYA, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did possess, in and affecting commerce, a firearm, to wit, a .32 caliber Ceska-Zbrojovka semi-automatic handgun, which previously had been shipped and transported in interstate and foreign commerce, and did so knowingly.

        (Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.)

        The bases for my knowledge and for the foregoing charge are, in part, as follows:

        2. I am a Detective assigned to the Firearms Suppression Division of the NYPD and I have been personally involved in the investigation of this matter. This affidavit is

based in part upon my conversations with law enforcement officers and others and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with an NYPD police officer ("Officer-1") and an NYPD Sergeant ("Sergeant-1" and collectively with Officer-1, the "Officers") who participated in the arrest of GILBERTO MINAYA, the defendant, I have learned, among other things, the following:

a. The Officers are assigned to the Warrant Section of the Fugitive Enforcement Division of the NYPD. Their primary responsibility is to locate and arrest individuals with open arrest warrants or investigation cards ("I-cards"). An I-Card is a notification used by the NYPD to share information between police officers. Among other things, NYPD police officers often use I-Cards to notify other NYPD police officers of the existence of probable cause to arrest an individual.

b. On or about April 25, 2018, an I-Card was issued for the arrest of MINAYA (the "MINAYA I-Card") based on probable cause to believe that he committed Assault in the Third Degree. The MINAYA I-Card was issued based on a domestic violence complaint from the mother of MINAYA's child alleging that MINAYA had threatened her with a kitchen knife and had struck her in the face with a closed fist multiple times causing injury.

c. In or about June 2018, Officer-1 was assigned the MINAYA I-Card and began an investigation into MINAYA's whereabouts. Officer-1's investigation included, among other things, visits to suspected addresses where MINAYA might be living; interviews with neighbors and known acquaintances of MINAYA, including the woman referenced in the domestic violence complaint; and reviews of information about MINAYA on law enforcement databases.

d. On or about April 30, 2019, at approximately 6:20 a.m., the Officers arrived in the vicinity of 931 East 181st Street in the Bronx (the "Building") for surveillance of MINAYA, based on investigative leads indicating that MINAYA

lived at that address and might leave the Building for work at approximately the time that the Officers arrived at that location. The Officers parked their unmarked police vehicle down the block from the Building and waited in the vehicle while observing the front door of the Building.

   e. Within a matter of minutes, the Officers observed a man fitting the description of MINAYA exit the Building and proceed westbound on East 181st Street, and at the intersection, turn and proceed southbound on Daly Avenue towards East 180st Street.

   f. Sergeant-1 exited the police vehicle and proceeded towards the individual fitting the description of MINAYA on foot while Officer-1 drove the police vehicle southbound on Daly Avenue and parked close to the corner of East 180th Street, whereupon he got out and approached the individual on foot from that direction.

   g. When Officer-1 reached the individual, he identified himself as a police officer and told MINAYA that he was wanted based on a complaint from the mother of his child that MINAYA had assaulted her. MINAYA confirmed his identity and said "you guys are good. I didn't see you coming."

   h. Sergeant-1, who at that point had arrived to the vicinity of Officer-1 and MINAYA, instructed Officer-1 to place handcuffs on MINAYA. Officer-1 did so and asked MINAYA if MINAYA had anything illegal on him. MINAYA nodded in the affirmative and indicated towards his hip. Officer-1 asked if MINAYA had a gun in the vicinity of his hip and MINAYA said yes. Officer-1 searched MINAYA's waist area and found a handgun.

   i. Officer-1 secured the handgun and brought MINAYA back to the police vehicle where Officer-1 and Sergeant-1 secured MINAYA in the vehicle and transported him to the police station.

   4. As part of my investigation, I have reviewed a video recording of a statement made by GILBERTO MINAYA, the defendant, to Officer-1 and another NYPD officer ("Officer-3") subsequent to MINAYA's arrest on April 30, 2019. MINAYA was read his *Miranda* rights by Officer-3 and waived these rights prior to making the statement, as is reflected in the video. In the video statement, MINAYA states, among other things, that he was a member of the Trinitarios Street Gang, had purchased the handgun that he was carrying when he was arrested for $200, was

carrying the handgun for his protection because he had been stabbed and shot before, and had previously fired the gun in Van Cortlandt Park in the Bronx.

      5.    Based on my review of an NYPD Firearm Examination Report, I have learned that the handgun recovered from GILBERTO MINAYA, the defendant, is a .32 caliber Ceska-Zbrojovka semi-automatic handgun. I have also learned that the handgun was loaded and operable.

      6.    Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") who is familiar with the manufacturing of firearms, I know that .32 caliber Ceska-Zbrojovka semi-automatic handguns are not and have never been manufactured in the State of New York.

      7.    I have reviewed criminal history records pertaining to GILBERTO MINAYA, the defendant, which show that MINAYA was: (i) convicted on or about November 1, 2007, in Westchester County Court, of Robbery in the Third Degree, in violation of New York Penal Law § 160.05, a felony, which is punishable by imprisonment for more than one year; and (ii) convicted on or about July 10, 2006, in Westchester County Court, of Criminal Contempt in the First Degree, in violation of New York Penal Law § 215.51, a felony, which is punishable by imprisonment for more than one year.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of GILBERTO MINAYA, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
Detective Jason Landusky
New York City Police Department

Sworn to before me this
12 day of June, 2019

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK